IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAURICE T. BULLOCK, #189 070, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:18-CV-539-WKW |
| | ) | [WO] |
| WARDEN OF B.C.C.F., | ) | |
| (HEAD OFFICIAL), | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, filed this *pro se* 42 U.S.C. § 1983 action on May 29, 2018, alleging he has been retaliated against for filing lawsuits and force medicated in violation of his right to due process. Plaintiff names the Warden of Bullock Correctional Facility—Patrice Richie—as the defendant. Plaintiff requests an investigation of the allegations presented and that he be protected from retaliation and unwanted medication. Doc. 1.

Warden Richie filed an answer, special report and supporting evidentiary materials addressing Plaintiff's claims for relief. Doc. 19. In these filing, Warden Richie denies she acted in violation of Plaintiff's constitutional rights. Doc. 19-1. Upon receipt of Warden Richie's special report, the court issued an order directing

Plaintiff to file a response, including sworn affidavits and other evidentiary materials, and specifically cautioning Plaintiff that "the court may at any time thereafter and without notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment." Doc. 22 at 2. Plaintiff responded to Warden Richie's special report, *see* Doc. 24, but his response does not demonstrate there is any genuine dispute of material fact. The court will treat Warden Richie's report as a motion for summary judgment and resolve this motion in her favor.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the non-moving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id.* at 322−324.

Defendant has met her evidentiary burden.  Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to the case exists. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [by citing to materials in the record including affidavits, relevant documents or other materials], the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ."); *see also Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014) (holding that the court should consider facts pled in a plaintiff's sworn complaint when considering summary judgment).  A genuine dispute of material fact exists when the non-moving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263. The evidence must be admissible at trial, and if the nonmoving party's evidence "is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc*., 477 U.S.

242, 249–50 (1986); Fed. R. Civ. P. 56(e). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice . . . ." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252). Only disputes involving material facts are relevant, materiality is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248.

To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *see also United States v. Stein,* 881 F3d 853 (11th Cir. 2018) (holding that a plaintiff's self-serving and uncorroborated, but not conclusory, statements in an affidavit or deposition may create an issue of material fact which precludes summary judgment); *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (citations omitted) ("To be sure, [plaintiff's] sworn statements are self-serving, but that alone does not permit us to disregard them at the summary judgment stage. . . . 'Courts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving.' "). "Conclusory, uncorroborated allegations by a plaintiff

in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion." *Solliday v. Fed. Officers*, 413 Fed. App'x 206, 207 (11th Cir. 2011) (*citing Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (holding that conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact).

Although factual inferences must be viewed in a light most favorable to the non- moving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Plaintiff's *pro se* status alone does not compel this court to disregard elementary principles of production and proof in a civil case. Here, Plaintiff fails to demonstrate a requisite genuine dispute of material fact so as to preclude summary judgment on his claims against Defendant Richie. *See Matsushita*, 475 U.S. at 587.

## II. DISCUSSION

### A.   Absolute Immunity

To the extent Plaintiff requests monetary damages from Warden Richie in her official capacity, she is entitled to absolute immunity. Official capacity lawsuits are

"in all respects other than name, . . . treated as a suit against the entity." *Kentucky*

*v. Graham*, 473 U. S. 159, 166 (1985).  As the Eleventh Circuit has held,

> the Eleventh Amendment prohibits federal courts from entertaining
> suits by private parties against States and their agencies [or employees].
> There are two exceptions to this prohibition: where the state has waived
> its immunity or where Congress has abrogated that immunity. A State's
> consent to suit must be unequivocally expressed in the text of [a]
> relevant statute. Waiver may not be implied.  Likewise, Congress'
> intent to abrogate the States' immunity from suit must be obvious from
> a clear legislative statement.

*Selensky v. Alabama*, 619 Fed. App'x 846, 848–49 (11th Cir. 2015) (internal

quotation marks and citations omitted).  Thus, a state official may not be sued in her

official capacity unless the state has waived its Eleventh Amendment immunity, *see*

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or

Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517

U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution
> states that "the State of Alabama shall never be made a defendant in
> any court of law or equity." Ala. Const. Art. I, § 14.  The Supreme Court
> has recognized that this prohibits Alabama from waiving its immunity
> from suit.

*Selensky*, 619 Fed. App'x at 849 (citing *Alabama v. Pugh,* 438 U.S. 781, 782 (1978)

(consent is prohibited by the Alabama Constitution). "Alabama has not waived its

Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it."

*Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of*

*Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)).  In light of the foregoing,

Warden Richie is entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from her in her official capacity. *Selensky*, 619 Fed. App'x at 849; *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (holding that state officials sued in their official capacities are protected under the Eleventh Amendment from suit for damages); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995) (holding that damages are unavailable from state official sued in his official capacity); *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994).

## B.    Warden Richie

Plaintiff alleges personnel with the Alabama Department of Corrections and officials at the Bullock Correctional Facility are force medicating him in a "vind[i]ctive way that allows for the retaliatory factor to begin with prima facie evidence that it is truly occurring." Doc. 1-1 at 1–3. Plaintiff alleges he was forced to take an injection of prolixin "mandated by an illegal forced meds committee that did the job against A.D.A. policy that was mandated through the U.S.D.C. Montgomery Division." *Id.* at 1. According to Plaintiff's complaint, the conduct about which he complains has been ongoing since January 1, 2016.[1]  Doc. 1 at 2.

---

[1] In accordance with well-settled law, the court limits its review to the allegations set forth in the complaint. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment."); *Ganstine v. Secretary, Florida Dept. of Corrections*, 502 F. App'x. 905, 909-910 (11th Cir. 2012) (plaintiff may not amend complaint at the summary judgment stage by raising a new claim or presenting a new basis for a pending claim); *Chavis*

Warden Richie received a promotion to Correctional Warden III on April 16, 2018, a little over two months prior to Plaintiff filing suit against her. She denies violating Plaintiff's constitutional rights in any manner and states that as the newly promoted Warden at Bullock Correctional Facility she has no knowledge of Plaintiff's allegations that he was subjected to retaliation or provocation. She also denies forcing Plaintiff to take medication. Warden Richie further maintains, and the undisputed evidentiary material reflects, that all medical decisions are made by medical and/or mental health staff at the Bullock Correctional Facility, and she is, therefore, unaware of any decisions made regarding involuntarily medicating Plaintiff.[2] Docs. 19-1, 19-2, 19-3.

Plaintiff maintains Warden Richie was aware of the issues presented in his complaint because she was informed through a grievance and "it is her job to know and be aware of what happens and what could happen with a situation as serious as constitutional violations." Doc. 24 at 1. Plaintiff has not, however, produced any evidence to show Warden Richie was directly responsible for or personally participated in the matter about which he complains. Thus, his claims against

---

*v. Clayton County School District*, 300 F.3d 1288, 1291 n. 4 (11th Cir. 2002) (court refused to address a new theory raised during summary judgment because the plaintiff had not properly amended the complaint).

[2] Under Administrative Regulation 621—Administrative Review for Involuntary Psychotropic Medication(s)—evaluations regarding the decision to involuntarily treat an inmate with psychotropic medication are conducted by the institutional psychologist and other members of the inmate's treatment team and their recommendation is then reviewed by the Involuntary Medication Review Committee. Doc. 19-2. There is no evidence that Warden Richie is a member of Plaintiff's treatment team or on the Involuntary Medication Review Committee. *See* Doc. 19-3.

Warden Richie entitle him to no relief as they are based on theories of *respondeat superior* and vicarious liability.

The law in this circuit is well settled. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Marsh*, 268 F.3d at 1035 (A supervisory official "can have no *respondeat superior* liability for a section 1983 claim."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding supervisory officials are not liable on the basis of *respondeat superior* or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), *citing Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability.); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.") (internal quotations omitted). "Absent vicarious liability, each

Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Thus, liability for actions of prison medical or correctional officials at Bullock Correctional Facility could attach to Warden Richie only if she "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [her] actions . . . and the alleged constitutional deprivation." *Cottone*, 326 F.3d at 1360; *see generally Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977) (a medical treatment claim cannot be brought against managing officers of a prison absent allegations that they were personally connected with the alleged denial of treatment).

Plaintiff presents no evidence which would create a genuine issue of disputed fact regarding the claims lodged against Warden Richie.  The evidentiary materials filed in this case which could be presented at trial demonstrate that Warden Richie did not personally participate in or have any involvement, direct or otherwise, with the claims made the basis of Plaintiff's complaint. Warden Richie can be held liable for the actions of prison correctional or medical officials at the Bullock Correctional Facility only if her actions bear a causal relationship to the purported violations of Plaintiff's constitutional rights. To establish the requisite causal connection and avoid entry of summary judgment in favor of Warden Richie, Plaintiff must present sufficient evidence which would be admissible at trial of either "a history of widespread abuse [that] put[ ] [the defendant] on notice of the need to correct the

alleged deprivation, and [she] fail[ed] to do so . . .” or “a . . . custom or policy [that] result[ed] in deliberate indifference to constitutional rights, or ... facts [that] support an inference that [Warden Richie] directed the [facility’s staff] to act unlawfully, or knew that [the staff] would act unlawfully and failed to stop them from doing so.” *Cottone*, 326 F.3d at 1360 (internal punctuation and citations omitted). A thorough review of the pleadings and evidentiary materials submitted in this case demonstrates Plaintiff has not met this burden.

The record before the court contains no evidence to support an inference that Warden Richie directed correctional, medical, or mental health officials to act unlawfully or knew that they would act unlawfully and failed to stop such action.  In addition, Plaintiff presents no evidence of obvious, flagrant or rampant abuse of continuing duration in the face of which Warden Richie failed to take corrective action. Finally, it is clear that the challenged actions and conditions did not occur pursuant to a policy enacted by Warden Richie. The requisite causal connection, therefore, does not exist between the actions of correctional, medical, or mental health officials at the Bullock Correctional Facility and Warden Richie and liability under the custom or policy standard is not warranted. For the foregoing reasons, summary judgment is due to be granted in favor of Warden Richie.

## III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant's motion for summary judgment (Doc. 19) be GRANTED;

2. This case be DISMISSED with prejudice;

3.  Judgment be ENTERED in favor of Defendant.

It is further

ORDERED that **on or before November 19, 2018**, the parties may file an objection. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 5th day of November, 2018.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE